Circuit Court of Cuyahoga County.

H. TAYLOR ET AL v. JOSEPH BYCHICK.

Decided, March 19, 1906.

*Appeal and Error—Bills of Exceptions Must Show Trial Judge Settled or Allowed it.*

Where the trial judge signs a certificate that a bill of exceptions has been prepared, submitted to the attorney for the appellee and to the court for signature within the required time, but nowhere says that he has allowed it or settled it, there is no bill of exceptions which a reviewing court can consider.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The complaint made here by the plaintiff in error, is that the facts did not warrant the judgment entered by the common pleas court. This can only be determined by us upon a bill of exceptions setting forth all the facts. Such bill of exceptions must be in conformity with the statute (Section 5301), which provides that the trial judge, after correcting the bill of exceptions, if necessary, shall allow and sign such bill. Section 5302, Revised Statutes, relieves from the necessity of having the journal show the allowance of the bill, and provides that the signature of the judge "allowing, settling and signing such bill shall be sufficient evidence of such fact."

The judge before whom this case was tried has not signed anything showing that he has either settled or allowed any bill of exceptions. What he signed is this:

"This bill of exceptions was presented to the attorney for the plaintiff by defendant's attorney, on the 10th day of March, 1906, and upon the —— day of March, 1906, being within the time allowed by the court, it was presented to said court and the court asked to allow and sign the same, that the same may be made a part of the ——," etc.

What the judge signed is a certificate that he has been asked to allow and sign a bill of exceptions. He nowhere says that he has allowed it, and that he has settled it, or anything else. We have therefore no bill of exceptions which we can consider. There is therefore nothing to show upon what evidence the court acted, and the judgment is affirmed.